UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CARLOS MARTEL LYNN SMITH** | **CIVIL ACTION NO. 11-2217-P** |
| **VERSUS** | **JUDGE STAGG** |
| **SHREVEPORT POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Carlos Martel Lynn Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 22, 2011. Plaintiff is incarcerated at the River Correctional Center in Ferriday, Louisiana. He names the Shreveport Police Department, Chief Willie L. Shaw, Jr., Assistant Chief Cheryl Cox, James Lee, Officer Beck, Officer Porter, Detective Rod Demery, and Four Unknown Dispatch Officers as defendants.

Plaintiff claims that on July 30, 2011, he filed a complaint with Officer Porter and Officer Beck because his right to peace and dignity were violated by Lavoriss Powell. He claims Officer Porter told him that Powell would be arrested and charged with aggravated assault and illegal use of a weapon. He claims that on July 31, 2011, he made a 911 call

because he was still being harassed and threatened. He claims Powell texted death threats to him. He also believes Powell came to his residence, rang the doorbell, hid behind the bushes, and fired a gun. He claims the responding officers disregarded the text messages after they learned a report had already been filed and advised him to stay in his house. He claims they also told him they would make periodic checks in the area. He claims the officers advised him to call the non-emergency police number if Powell returned. He claims he was not satisfied with the response so he called the Shreveport Police Department non-emergency number. He claims a dispatch officer advised him to move to another town.

Plaintiff claims that on August 3, 2011, he again called the non-emergency number concerning the investigation of his complaint. He claims he was advised to call the night shift since the alleged crime occurred during that shift. He claims that on August 4, 2011, he called the non-emergency number concerning the investigation of his complaint. He claims he was directed to call the day shift.

Plaintiff claims that on August 5, 2011, he called the non-emergency number concerning the investigation of his complaint. He claims he was advised that a sergeant would read his report and call him. He claims he was never called. Plaintiff claims he continued to receive disturbing text messages.

Plaintiff claims that on August 11, 2011, he was again confronted by the known dangerous criminal who was the subject of his complaint. He claims Powell stormed into his place of business and assaulted him "with a hostile demonstration and expected terrorism." He claims he called 911 to inform the police that the subject of his complaint had just been

shot.

Plaintiff claims he was questioned by detectives. He claims it was disclosed for the first time that he had a misdemeanor warrant for his arrest. He claims he was detained and charged with attempted second degree murder.

Plaintiff claims that on August 19, 2011, his name was mistakenly placed on a protective order. He claims the protective order was distributed to the Louisiana First Judicial District Court by the Shreveport Police Department. He claims this false protective ordered is evidence of the carelessness of the Shreveport Police Department.

Plaintiff claims that during his preliminary examination on September 1, 2011, Detective R. Demery testified that his July 30, 2011 complaint had been misplaced in the misdemeanor division. He further testified that he would investigate the complaint, but failed to do so. Plaintiff claims his deliberate negligence created a spoilation of material evidence.

Plaintiff claims that on November 17, 2011, he mailed a letter to Shreveport Police Chief Willie Shaw regarding the July 30, 2011 complaint. He claims Chief Shaw responded that his letter had been forwarded to the Detective Bureau and Captain James Lee for review.

Plaintiff claims that the charge against him of attempted murder was dismissed. He claims he pleaded guilty to attempted possession of a firearm by a convicted felon and was sentenced to seven and a half years imprisonment.

Accordingly, he seeks monetary damages, declaratory relief, and any additional relief that is just, proper, and equitable.

For the reasons given below, Plaintiff's claims should be dismissed as frivolous.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. "Section 1983 'neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers.'" Fontana v. Barham, 707 F.2d 221, 225 (5th Cir.1983)(quoting White v. Thomas, 660 F.2d 680, 683 (5th Cir.1981)). Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

Plaintiff alleges Defendants failed to prevent criminal acts of a third party against him when they failed to investigate his complaint or pursue criminal charges. Local governments are generally under no duty to provide protective services: "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.... [Thus,] a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Piotrowski v. City of Houston, 237 F.3d 567, 583 (5th Cir.2001) (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)); see also Rolen v. City of Brownfield, 182 Fed. App'x 362, 364 (5th Cir.2006) ("Failure to investigate

or prosecute an offense does not give rise to § 1983 liability."); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir.1990) (finding a Sheriff not liable for failure to pursue criminal charges because"prosecutors are immune from liability in suits under § 1983 for acts that are an integral part of the judicial process").

There are exceptions to the general rule,"when the state has a special relationship with the person or when the state exposes a person to a danger of its own creation," but Plaintiff does not meet and has not pleaded either of these two exceptions. Piotrowski, 237 F.3d at 584. The state has a " 'special relationship' with a person only when the person is involuntarily taken into state custody and held against his will through the affirmative power of the state." Walton v. Alexander, 44 F.3d 1297, 1304 (5th Cir.1995) (en banc); see Deshaney, 489 U.S. at 200 ("The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf."). Plaintiff has not pleaded any facts that show a special relationship with the Defendants that would give rise to a failure to protect claim.

Likewise, Plaintiff has not pleaded any facts that suggest the State created or exacerbated the danger of Powell's actions. E.g., Deshaney, 489 U.S. at 201 ("While the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them."). Therefore, Plaintiff has not pleaded sufficient facts to state a claim for failure to protect under 42 U.S.C. § 1983 that is plausible on its face.

As previously stated, "failure to investigate" is not a violation of a federal statutory or constitutional right. See Andrews v. Fowler, 98 F.3d 1069, 1078-79 (8th Cir.1996) (holding that sheriff's failure to investigate an alleged rape by a deputy did not constitute a deprivation of a constitutional right giving rise to § 1983 liability); Hale v. Vance, 267 F.Supp.2d 725 (S.D.Ohio 2003) (stating that any duty to investigate levied upon officers was done so by state law rather than federal law or the Constitution). As such, Plaintiff has failed to state a cognizable § 1983 claim against Defendants for failure to investigate his complaint.

Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(d); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(d).

### OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 26th day January 2015.



Mark L. Hornsby
U.S. Magistrate Judge